IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY DOS SANTOS, III<br>1802B Holly Drive<br>North Myrtle Beach, SC 29582<br>    *Plaintiff* | : <br> : <br> : <br> : <br> : | |
| vs. | : <br> : | |
| CEDAR FAIR, L.P.<br>3830 Dorney Park Road<br>Allentown, PA 18104<br>    and<br>WHITEWATER WEST INDUSTRIES LTD.<br>6700 McMillan Way<br>Richmond, BC V6W1J7<br>    and<br>ORLANDO DIEFENDERFER ELECTRICAL CONTRATORS, INC.<br>116 South 2nd Street<br>Allentown, PA 18102<br>    and<br>BOYLE CONSTRUCTION II, INC. d/b/a<br>CC CONSTRUCTION SERVICES<br>1209 Hausman Road<br>Allentown, PA 18104<br>    and<br>UNITED RENTALS (NORTH AMERICA), INC.<br>3880 E. Thompson Street<br>Philadelphia, PA 19137<br>    and<br>L.R. COSTANZO CO., INC.<br>123 North Main Street<br>Scranton, PA 18504<br>    and<br>NEUMAN POOLS, INC.<br>West 9684 Beaverland Parkway<br>Beaver Dam, WI 53916<br>    *Defendants* | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | No.<br><br><br><br><br>COMPLAINT |

## PARTIES

1. Plaintiff, Anthony Dos Santos is an adult individual and citizen of the State of South Carolina residing at 1802B Holly Drive, North Myrtle Beach, SC 29582.

2. Defendant, Cedar Fair, L.P. (hereinafter "Cedar Fair"), is a corporation or other similar entity with a principal place of business at 3830 Dorney Park Road, Allentown, PA 18104.

3. Defendant, Whitewater West Industries Ltd. (hereinafter "Whitewater") is a corporation or other similar entity with a principal place of business at 6700 McMillan Way, Richmond, BC V6W1J7.

4. Defendant, Orlando Diefenderfer Electrical Contractors, Inc. (hereinafter "Diefenderfer") is a corporation or other similar entity with a principal place of business at 116 South 2nd Street, Allentown, PA 18102.

5. Defendant, Boyle Construction II, Inc. d/b/a CC Construction Services (hereinafter "CC Construction"), is a corporation or other similar entity with a principal place of business at 1209 Hausman Road, Allentown, PA 18104.

6. Defendant, United Rental (North America), Inc. (hereinafter "United Rentals"), is a corporation or other similar entity with a place of business at 3880 E. Thompson Street, Philadelphia, PA 19137.

7. Defendant, L.R. Costanzo Co., Inc. (hereinafter "Costanzo"), is a corporation or other similar entity with a principal place of business at 123 N. Main Street, Scranton, PA 18504.

8. Defendant, Neuman Pools, Inc. (hereinafter "Neuman"), is a corporation or other similar entity with a principal place of business at Wesr 9684 Beaverland Parkway, Beaver Dam, WI 53916.

## JURISDICTION

9. Paragraphs 1 through 8 are incorporated herein by reference.

10. Original jurisdiction is conferred pursuant to 28 U.S.C. Sec. 1332(a), as the amount in controversy exceeds the sum or value of $75,000.00, exclusive of costs and interest, and the action is between citizens of different states.

11. Venue is proper in this Court pursuant to 28 U.S.C. Sec. 1391(b)(2), as this is the judicial district where the construction accident underlying this action occurred.

## FACTUAL ALLEGATIONS

12. Paragraphs 1 through 11 are incorporated herein by reference.

13. At all times material to Plaintiffs' cause of action, Defendant, Cedar Fair, was the owner, operator, and responsible for maintenance of a certain amusement park located at 3830 Dorney Park Road, Allentown, PA 18104 and commonly known as "Dorney Park and Wildwater Kingdom."

14. At all times material to Plaintiff's cause of action, Defendant, Whitewater, was hired by Defendant, Cedar Fair, to install a water slide complex known as the "Snake Pit" at Dorney Park and Wildwater Kingdom.

15. At all times material to Plaintiff's cause of action, Defendants, CC Construction, Costanzo and Neuman were hired by Defendant Cedar Fair to assist with various aspects of the installation of the "Snake Pit" water slide complex.

16. Upon information and belief, Defendant Diefenderfer, was hired by Defendant Costanzo and/or Defendant Neuman to perform electrical work in relation to the subject waterslide complex.

17. At all times material to Plaintiffs' cause of action, Plaintiff was employed by KP Construction, a company that was retained by Defendant, Whitewater, to assist in the installation of the aforementioned waterslide complex at Dorney Park and Wildwater Kingdom.

18. At all times material to Plaintiffs' cause of action, Plaintiff was acting within the course and scope of his employment with KP Construction.

19. On or about April 23, 2014, Plaintiff's co-worker was using a forklift to transport a large support beam through a narrow area at Dorney Park and Wildwater Kingdom while being guided by Plaintiff who was walking alongside said forklift.

20. Upon information and belief, Defendant, United Rentals, furnished the aforementioned forklift pursuant to a rental agreement and was responsible for providing jobsite safety training and/or operator safety training in relation to said forklift.

21. At the same time and in the same area of the park, an employee of Defendant, Diefenderfer, was operating a 4-wheel ATV, and attempting to pass through the aforementioned narrow area in the opposite direction of the forklift.

22. As the two large vehicles attempted to pass through the aforementioned narrow area, the operator of the forklift caused the vehicle to run over Plaintiff's right foot causing Plaintiff to sustain serious, painful and permanent personal injuries more particularly described below.

## COUNT I- NEGLIGENCE
## ANTHONY DOS SANTOS, III V. CEDAR FAIR, L.P.

23. Paragraphs 1 through 22 are incorporated herein by reference.

24. Defendant, Cedar Fair, is independently liable to Plaintiff for the personal injury damages which were proximately and directly caused by Defendant's own negligence in:

   a) Failing to hire a safe, competent and qualified contractors to install water slides at their amusement park;

   b) Failing to hire a safe, competent and qualified contractors to perform electrical work at their amusement park;

   c) Failing to enforce all applicable rules and regulations regarding the operation of a forklift at their facility;

d) Failing to enforce its own procedures concerning the operation of forklifts;

e) Failing to ensure that KP Construction's employees were operating the subject forklift in compliance with all applicable safety regulations;

f) Permitting KP Construction's employees to operate the subject forklift at Defendant's facility when he was not qualified to do so;

g) Allowing KP Construction's employees to operate a commercial vehicle on Defendant's property when Defendant knew or should have known that the aforementioned employee was not qualified to do so and presented a danger to the public;

h) Allowing KP Construction's employees to operate a commercial vehicle on Defendant's property when Defendant knew or should have known that the aforementioned employee was operating in violation of multiple internal and/or external safety regulations;

i) Allowing two separate contractors to operate large commercial vehicles in a narrow area at their amusement park;

j) Failing to provide Plaintiff with a safe work site;

k) Failing to identify and provide safe and accessible routes through Dorney Park for the transportation of construction materials from the lay down site to the installation site for the "Snake Pit" waterslide complex; and

l) Failing to conduct adequate pre-planning meetings in relation to the subject construction project.

25. As a result of the accident, Plaintiff, Anthony Dos Santos, III, sustained injuries to his right foot, its bones, cells, nerves, tissues, muscles and functions, including but not limited to a crush injury to his right foot and fracture right fibula ultimately requiring surgical intervention in the form of a

below the knee amputation of his right leg, together with a severe shock to his nerves and nervous system, some or all of which Plaintiff has been advised are serious and may be permanent in nature.

26. As a result of the accident, Plaintiff has undergone great physical pain and mental anguish and he may continue to endure the same for an indefinite time in the future, to his great detriment and loss.

27. As a result of the accident, Plaintiff has been compelled to expend large sums of money for medicine and medical care and attention in an effort to effect a cure of his injuries, and he may be compelled to continue to expend such sums for the same purposes for an indefinite time in the future, to his great detriment and loss.

28. As a result of the accident, Plaintiff has been unable to attend to his usual and daily activities and he may be unable to attend to the same for an indefinite time in the future, to his great detriment and loss.

29. The conduct of Defendant as set forth above demonstrates a total and utter disregard for the safety of others and constitutes a willful and wanton disregard for others and human life, such that her conduct would be outrageous to a person of reasonable and ordinary sensibilities.

30. Plaintiff avers that the conduct so deviated from the appropriate standards of care applicable that an award of punitive damages is appropriate.

WHEREFORE, Plaintiff, Anthony Dos Santos, III, claims compensatory and punitive damages of Defendant, Cedar Fair, L.P., jointly and severally, in an amount in excess of the jurisdictional limits.

## COUNT II- NEGLIGENCE
## ANTHONY DOS SANTOS, III V. WHITEWATER

31. Paragraphs 1 through 30 are incorporated herein by reference

32. Defendant, Whitewater, is independently liable to Plaintiff for the personal injury

damages which were proximally and directly caused by Defendant's own negligence in:

a) Failing to adequately train their employees and the employees of all subcontractors regarding the operation of commercial forklifts in and around an active work site;

b) Failing to hire safe, competent and qualified subcontractors to install water slides at Dorney Park and Wildwater Kingdom;

c) Failing to enforce all applicable rules and regulations regarding the operation of a forklift at their jobsite;

d) Failing to enforce its own procedures concerning the operation of forklifts;

e) Failing to ensure that KP Construction's employees were operating the subject forklift in compliance with all applicable safety regulations;

f) Permitting KP Construction's employees to operate the subject forklift at Defendant's jobsite when he was not qualified to do so;

g) Allowing KP Construction's employees to operate a commercial vehicle at Defendant's jobsite when Defendant knew or should have known that the aforementioned employee was not qualified to do so and presented a danger to the public;

h) Allowing KP Construction's employees to operate a commercial vehicle at Defendant's jobsite when Defendant knew or should have known that the aforementioned employee was operating in violation of multiple internal and/or external safety regulations;

i) Allowing KP Construction's employees to operate a large commercial forklift through a narrow area while Plaintiff walked alongside said forklift;

j) Failing to ensure that all work performed at their jobsite was performed in a safe manner and in compliance with all applicable internal and/or extermal safety regulations;

    k) Failing to provide Plaintiff with a safe work site;

    l) Failing to ensure that construction materials were being transported from the lay down site to the installation site for the "Snake Pit" waterslide complex in a safe manner;

    m) Failing to identify and utilize safe and accessible routes through Dorney Park for the transportation of construction materials from the lay down site to the installation site for the "Snake Pit" waterslide complex; and

    n) Failing to conduct adequate pre-planning meetings in relation to the subject construction project.

33. As a result of the accident, Plaintiff, Anthony Dos Santos, III, sustained injuries to his right foot, its bones, cells, nerves, tissues, muscles and functions, including but not limited to a crush injury to his right foot and fracture right fibula ultimately requiring surgical intervention in the form of a below the knee amputation of his right leg, together with a severe shock to his nerves and nervous system, some or all of which Plaintiff has been advised are serious and may be permanent in nature.

34. As a result of the accident, Plaintiff has undergone great physical pain and mental anguish and he may continue to endure the same for an indefinite time in the future, to his great detriment and loss.

35. As a result of the accident, Plaintiff has been compelled to expend large sums of money for medicine and medical care and attention in an effort to effect a cure of his injuries, and he may be compelled to continue to expend such sums for the same purposes for an indefinite time in the future, to his great detriment and loss.

36. As a result of the accident, Plaintiff has been unable to attend to his usual and daily activities and he may be unable to attend to the same for an indefinite time in the future, to his great

detriment and loss.

37. The conduct of Defendant as set forth above demonstrates a total and utter disregard for the safety of others and constitutes a willful and wanton disregard for others and human life, such that her conduct would be outrageous to a person of reasonable and ordinary sensibilities.

38. Plaintiff avers that the conduct so deviated from the appropriate standards of care applicable that an award of punitive damages is appropriate.

WHEREFORE, Plaintiff, Anthony Dos Santos, III, claims compensatory and punitive damages of Defendant, Whitewater West Industries Ltd., jointly and severally, in an amount in excess of the jurisdictional limits.

## COUNT III- NEGLIGENCE
## ANTHONY DOS SANTOS, III V. DIEFENDERFER

39. Plaintiff hereby incorporates paragraphs 1 through 38 by reference.

40. Defendant, Diefenderfer, is vicariously liable for the actions of its employee who negligently and carelessly attempted to operate a 4-wheel ATV through a narrow area of the park while a large commercial forklift was attempting to cross the same bridge in the opposite direction.

41. Defendant, Diefenderfer, is independently liable to Plaintiff for the personal injury damages which were proximally and directly caused by Defendant's own negligence in:

   a) Failing to adequately train its own employees regarding the operation of ATV's in and around an active work site;

   b) Failing to enforce all applicable rules and regulations regarding the operation of ATV's at their jobsite;

   c) Failing to enforce its own procedures concerning the operation of ATV's;

   d) Failing to ensure that their employee was operating an ATV in compliance with all

applicable safety regulations;

e) Permitting their employee to operate the subject ATV at Defendant's facility when he was not qualified to do so;

f) Allowing their employee to operate a commercial vehicle on Defendant's property when Defendant knew or should have known that the aforementioned employee was not qualified to do so and presented a danger to the public;

g) Allowing their employee to operate a commercial vehicle on Defendant's property when Defendant knew or should have known that the aforementioned employee was operating in violation of multiple internal and/or external safety regulations;

h) Failing to ensure that all work performed at their jobsite was performed in a safe manner and in compliance with all applicable internal and/or external safety regulations; and

i) Failing to provide Plaintiff with a safe work site.

42. As a result of the accident, Plaintiff, Anthony Dos Santos, III, sustained injuries to his right foot, its bones, cells, nerves, tissues, muscles and functions, including but not limited to a crush injury to his right foot and fracture right fibula ultimately requiring surgical intervention in the form of a below the knee amputation of his right leg, together with a severe shock to his nerves and nervous system, some or all of which Plaintiff has been advised are serious and may be permanent in nature.

43. As a result of the accident, Plaintiff has undergone great physical pain and mental anguish and he may continue to endure the same for an indefinite time in the future, to his great detriment and loss.

44. As a result of the accident, Plaintiff has been compelled to expend large sums of money for medicine and medical care and attention in an effort to effect a cure of his injuries, and he may be

compelled to continue to expend such sums for the same purposes for an indefinite time in the future, to his great detriment and loss.

45. As a result of the accident, Plaintiff has been unable to attend to his usual and daily activities and he may be unable to attend to the same for an indefinite time in the future, to his great detriment and loss.

46. The conduct of Defendant as set forth above demonstrates a total and utter disregard for the safety of others and constitutes a willful and wanton disregard for others and human life, such that her conduct would be outrageous to a person of reasonable and ordinary sensibilities.

47. Plaintiff avers that the conduct so deviated from the appropriate standards of care applicable that an award of punitive damages is appropriate.

WHEREFORE, Plaintiff, Anthony Dos Santos, III, claims compensatory and punitive damages of Defendant, Orlando Diefenderfer Electrical Contractors, Inc., jointly and severally, in an amount in excess of the jurisdictional limits.

## COUNT IV- NEGLIGENCE
## ANTHONY DOS SANTOS, III V. CC CONSTRUCTION

48. Plaintiff hereby incorporates paragraphs 1 through 47 by reference.

49. Defendant, CC Construction, is independently liable to Plaintiff for the personal injury damages which were proximally and directly caused by Defendant's own negligence in:

   a) Failing to adequately train their employees and the employees of all subcontractors regarding the operation of commercial forklifts in and around an active work site;

   b) Failing to hire safe, competent and qualified subcontractors to install water slides at Dorney Park and Wildwater Kingdom;

   c) Failing to enforce all applicable rules and regulations regarding the operation of a forklift

at their jobsite;

d) Failing to enforce its own procedures concerning the operation of forklifts;

e) Failing to ensure that KP Construction's employee were operating the subject forklift in compliance with all applicable safety regulations;

f) Permitting KP Construction's employees to operate the subject forklift at Defendant's jobsite when he was not qualified to do so;

g) Allowing KP Construction's employees to operate a commercial vehicle at Defendant's jobsite when Defendant knew or should have known that the aforementioned employee was not qualified to do so and presented a danger to the public;

h) Allowing KP Construction's employees to operate a commercial vehicle at Defendant's jobsite when Defendant knew or should have known that the aforementioned employee was operating in violation of multiple internal and/or external safety regulations;

i) Allowing KP Construction's employees to operate a large commercial forklift through a narrow area while Plaintiff walked alongside said forklift;

j) Failing to ensure that all work performed at their jobsite was performed in a safe manner and in compliance with all applicable internal and/or external safety regulations;

k) Failing to provide Plaintiff with a safe work site;

l) Failing to ensure that construction materials were being transported from the lay down site to the installation site for the "Snake Pit" waterslide complex in a safe manner;

m) Failing to identify and utilize safe and accessible routes through Dorney Park for the transportation of construction materials from the lay down site to the installation site for the "Snake Pit" waterslide complex; and

        n) Failing to conduct adequate pre-planning meetings in relation to the subject construction project.

50. As a result of the accident, Plaintiff, Anthony Dos Santos, III, sustained injuries to his right foot, its bones, cells, nerves, tissues, muscles and functions, including but not limited to a crush injury to his right foot and fracture right fibula ultimately requiring surgical intervention in the form of a below the knee amputation of his right leg, together with a severe shock to his nerves and nervous system, some or all of which Plaintiff has been advised are serious and may be permanent in nature.

51. As a result of the accident, Plaintiff has undergone great physical pain and mental anguish and he may continue to endure the same for an indefinite time in the future, to his great detriment and loss.

52. As a result of the accident, Plaintiff has been compelled to expend large sums of money for medicine and medical care and attention in an effort to effect a cure of his injuries, and he may be compelled to continue to expend such sums for the same purposes for an indefinite time in the future, to his great detriment and loss.

53. As a result of the accident, Plaintiff has been unable to attend to his usual and daily activities and he may be unable to attend to the same for an indefinite time in the future, to his great detriment and loss.

54. The conduct of Defendant as set forth above demonstrates a total and utter disregard for the safety of others and constitutes a willful and wanton disregard for others and human life, such that her conduct would be outrageous to a person of reasonable and ordinary sensibilities.

55. Plaintiff avers that the conduct so deviated from the appropriate standards of care applicable that an award of punitive damages is appropriate.

WHEREFORE, Plaintiff, Anthony Dos Santos, III, claims compensatory and punitive damages of Defendant, Boyle Construction II, Inc. d/b/a CC Construction Services, jointly and severally, in an amount in excess of the jurisdictional limits.

## COUNT V- NEGLIGENCE
## ANTHONY DOS SANTOS, III V. UNITED RENTALS

56. Plaintiff hereby incorporates paragraphs 1 through 55 by reference.

57. Defendant, United Rentals, is independently liable to Plaintiff for the personal injury damages which were proximally and directly caused by Defendant's own negligence in:

   a) Failing to adequately train employees of all contractors and subcontractors on the subject jobsite regarding the operation of commercial forklifts in and around an active work site;

   b) Failing to provide adequate jobsite safety training and/or operator safety training to all individuals responsible for operating their forklift at the subject work site;

   c) Failing to enforce all applicable rules and regulations regarding the operation of a forklift at the subject jobsite;

   d) Failing to enforce its own procedures concerning the operation of forklifts;

   e) Failing to ensure that KP Construction's employees were operating the subject forklift in compliance with all applicable safety regulations;

   f) Permitting KP Construction's employees to operate the subject forklift at the subject jobsite when he was not qualified to do so;

   g) Allowing KP Construction's employees to operate a commercial vehicle at the subject jobsite when Defendant knew or should have known that the aforementioned employee was not qualified to do so and presented a danger to the public;

   h) Allowing KP Construction's employees to operate a commercial vehicle at the subject

jobsite when Defendant knew or should have known that the aforementioned employee was operating in violation of multiple internal and/or external safety regulations;

i) Allowing KP Construction's employees to operate a large commercial forklift though a narrow area while Plaintiff walked alongside said forklift; and

j) Failing to conduct adequate pre-planning meetings in relation to the subject construction project.

58. As a result of the accident, Plaintiff, Anthony Dos Santos, III, sustained injuries to his right foot, its bones, cells, nerves, tissues, muscles and functions, including but not limited to a crush injury to his right foot and fracture right fibula ultimately requiring surgical intervention in the form of a below the knee amputation of his right leg, together with a severe shock to his nerves and nervous system, some or all of which Plaintiff has been advised are serious and may be permanent in nature.

59. As a result of the accident, Plaintiff has undergone great physical pain and mental anguish and he may continue to endure the same for an indefinite time in the future, to his great detriment and loss.

60. As a result of the accident, Plaintiff has been compelled to expend large sums of money for medicine and medical care and attention in an effort to effect a cure of his injuries, and he may be compelled to continue to expend such sums for the same purposes for an indefinite time in the future, to his great detriment and loss.

61. As a result of the accident, Plaintiff has been unable to attend to his usual and daily activities and he may be unable to attend to the same for an indefinite time in the future, to his great detriment and loss.

62. The conduct of Defendant as set forth above demonstrates a total and utter disregard for

the safety of others and constitutes a willful and wanton disregard for others and human life, such that her conduct would be outrageous to a person of reasonable and ordinary sensibilities.

63. Plaintiff avers that the conduct so deviated from the appropriate standards of care applicable that an award of punitive damages is appropriate.

WHEREFORE, Plaintiff, Anthony Dos Santos, III, claims compensatory and punitive damages of Defendant, United Rentals (North America), Inc., jointly and severally, in an amount in excess of the jurisdictional limits.

## COUNT VI- NEGLIGENCE
## ANTHONY DOS SANTOS, III V. L.R. COSTANZO

64. Plaintiff hereby incorporates paragraphs 1 through 63 by reference.

65. Defendant, Costanzo, is independently liable to Plaintiff for the personal injury damages which were proximally and directly caused by Defendant's own negligence in:

   a) Negligently and/or carelessly training its subcontractors, their sub-contractors, and their employees regarding use of the 4-wheel ATV at Dorney Park;

   b) Negligently and/or carelessly failing to train its subcontractors, their sub-contractors, and their employees regarding use of the 4-wheel ATV at Dorney Park;

   c) Negligently and/or carelessly supervising its subcontractors, their sub-contractors, and their employees regarding use of the 4-wheel ATV at Dorney Park; and

   d) Negligently and/or carelessly failing to supervise its subcontractors, their sub-contractors, and their employees regarding use of the 4-wheel ATV at Dorney Park;

66. As a result of the accident, Plaintiff, Anthony Dos Santos, III, sustained injuries to his right foot, its bones, cells, nerves, tissues, muscles and functions, including but not limited to a crush injury to his right foot and fracture right fibula ultimately requiring surgical intervention in the form of a

below the knee amputation of his right leg, together with a severe shock to his nerves and nervous system, some or all of which Plaintiff has been advised are serious and may be permanent in nature.

67. As a result of the accident, Plaintiff has undergone great physical pain and mental anguish and he may continue to endure the same for an indefinite time in the future, to his great detriment and loss.

68. As a result of the accident, Plaintiff has been compelled to expend large sums of money for medicine and medical care and attention in an effort to effect a cure of his injuries, and he may be compelled to continue to expend such sums for the same purposes for an indefinite time in the future, to his great detriment and loss.

69. As a result of the accident, Plaintiff has been unable to attend to his usual and daily activities and he may be unable to attend to the same for an indefinite time in the future, to his great detriment and loss.

70. The conduct of Defendant as set forth above demonstrates a total and utter disregard for the safety of others and constitutes a willful and wanton disregard for others and human life, such that her conduct would be outrageous to a person of reasonable and ordinary sensibilities.

71. Plaintiff avers that the conduct so deviated from the appropriate standards of care applicable that an award of punitive damages is appropriate.

WHEREFORE, Plaintiff, Anthony Dos Santos, III, claims compensatory and punitive damages of Defendant, L.R. Costanzo Co. Inc., jointly and severally, in an amount in excess of the jurisdictional limits.

## COUNT VII- NEGLIGENCE
## ANTHONY DOS SANTOS, III V. NEUMAN POOLS

72. Plaintiff hereby incorporates paragraphs 1 through 71 by reference.

73.   Defendant, Neuman, is independently liable to Plaintiff for the personal injury damages which were proximally and directly caused by Defendant's own negligence in:

   a) Negligently and/or carelessly training its subcontractors, their sub-contractors, and their employees regarding use of the 4-wheel ATV at Dorney Park;

   b) Negligently and/or carelessly failing to train its subcontractors, their sub-contractors, and their employees regarding use of the 4-wheel ATV at Dorney Park;

   c) Negligently and/or carelessly supervising its subcontractors, their sub-contractors, and their employees regarding use of the 4-wheel ATV at Dorney Park; and

   d) Negligently and/or carelessly failing to supervise its subcontractors, their sub-contractors, and their employees regarding use of the 4-wheel ATV at Dorney Park;

74.   As a result of the accident, Plaintiff, Anthony Dos Santos, III, sustained injuries to his right foot, its bones, cells, nerves, tissues, muscles and functions, including but not limited to a crush injury to his right foot and fracture right fibula ultimately requiring surgical intervention in the form of a below the knee amputation of his right leg, together with a severe shock to his nerves and nervous system, some or all of which Plaintiff has been advised are serious and may be permanent in nature.

75.   As a result of the accident, Plaintiff has undergone great physical pain and mental anguish and he may continue to endure the same for an indefinite time in the future, to his great detriment and loss.

76.   As a result of the accident, Plaintiff has been compelled to expend large sums of money for medicine and medical care and attention in an effort to effect a cure of his injuries, and he may be compelled to continue to expend such sums for the same purposes for an indefinite time in the future, to his great detriment and loss.

77. As a result of the accident, Plaintiff has been unable to attend to his usual and daily activities and he may be unable to attend to the same for an indefinite time in the future, to his great detriment and loss.

78. The conduct of Defendant as set forth above demonstrates a total and utter disregard for the safety of others and constitutes a willful and wanton disregard for others and human life, such that her conduct would be outrageous to a person of reasonable and ordinary sensibilities.

79. Plaintiff avers that the conduct so deviated from the appropriate standards of care applicable that an award of punitive damages is appropriate.

WHEREFORE, Plaintiff, Anthony Dos Santos, III, claims compensatory and punitive damages of Defendant, Neuman Pools, Inc., jointly and severally, in an amount in excess of the jurisdictional limits.

Respectfully submitted:
STARK & STARK, P.C.

By: _____
R. TYLER TOMLINSON, ESQ.
IAN S. ABOVITZ, ESQ.
777 Township Lien Rd., Suite 120
Yardley, PA 19067
(267)907-9600 Telephone
(267)907-9659 Facsimile
jcullen@stark-stark.com
iabovitz@stark-stark.com

*Attorneys for Plaintiffs*